JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PROGRESSIVE SPECIALTY INSURANCE CO.,

**(b)** County of Residence of First Listed Plaintiff **Cuyahoga County, OH**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Magnani & Buck Ltd., 321 S. Plymouth Ct., Suite 1700, Chicago, IL 60604, 312-294-4800

## DEFENDANTS

DATWAY LLC, et al.

County of Residence of First Listed Defendant **Mobile County, AL**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **PRISONER PETITIONS** | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 463 Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | |
| | ☐ 448 Education | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | | **Other:** | ☐ 462 Naturalization Application | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 and 28 U.S.C. 2201 and 2202

Brief description of cause:
Complaint for declaratory judgment as to insurance coverage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  04/25/2023

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

3272.2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


PROGRESSIVE SPECIALTY INSURANCE CO.,    )
           )
        Plaintiff,    )
           )
   vs.    )
           )   No.
DATWAY LLC, J.B. HUNT TRANSPORT, INC.,    )
HIRSCHBACH MOTOR LINES INC., AND    )
ERIC JEROME CAMPBELL SR.,    )
           )
        Defendants.    )


COMPLAINT FOR DECLARATORY JUDGMENT.

Plaintiff, Progressive Specialty Insurance Co., by one of its attorneys, Thomas L. Buck, Magnani & Buck Ltd., sets forth below its complaint for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202.

1.    Progressive Specialty Insurance Co. ("Progressive") files this action to seek a declaration that it owes no duty to defend or indemnify Datway LLC ("Datway") and J.B. Hunt Transport, Inc. ("J.B. Hunt") pursuant to a contract of insurance for a third-party complaint brought by Hirschbach Motor Lines Inc. (Hirshbach) and Eric Jerome Campbell Sr. ("Campbell") in connection with lawsuits filed by Leron Lewis Jr. ("Lewis") and Brandon Moffett ("Moffett").

2.    Plaintiff, Progressive, is a corporation organized under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

3.      Defendant, Datway, is a limited liability company organized under the laws of the State of Alabama, and its registered agent and member, Damian Moffett, is a citizen of Alabama.

4.      Defendant, J.B. Hunt, is a corporation organized under the laws of the State of Georgia, with its principal place of business in the State of Arkansas.

5.      Defendant, Hirschbach, is a corporation organized under the laws of the State of Iowa, with its principal place of business in the State of Iowa.

6.      Defendant, Campbell, is a citizen of the State of Florida.

7.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332, since there is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      The lawsuit brought by Lewis seeks damages for bodily injury as a result of a motor vehicle accident on December 13, 2020, on southbound Interstate 57, at or near milepost 65.2, in Browning Township, Franklin County, Illinois (hereinafter "the accident"). A true and correct copy of the Lewis complaint is attached as exhibit A.

9.      The lawsuit was filed by Lewis in the United States District Court for the Southern District of Illinois under case number 3:20-cv-1355. (Exhibit A, p. 1.)

10.     The lawsuit brought by Moffett also seeks damages for bodily injury as a result of the accident. A true and correct copy of the Moffett complaint is attached as exhibit B.

11.     The lawsuit was filed by Moffett in the United States District Court for the Southern District of Illinois under case number 3:21-cv-0001, and was consolidated with

the lawsuit filed by Lewis. (Exhibit B, p. 1.) A true and correct copy of the order of consolidation is attached as exhibit C.

12.     The Lewis and Moffett lawsuits alleged that Campbell and Hirschbach, as Campbell's employer, are liable for Campbell's negligent operation of a tractor and trailer which rear-ended a truck and trailer operated by Lewis and Moffett as team drivers. (Exhibit A; exhibit B.)

13.     Hirschbach and Campbell filed a third-party complaint for contribution against Datway, J.B. Hunt and others. A true and correct copy of the third-party complaint is attached as exhibit D.

14.     Thereafter, all causes of action filed in the lawsuits brought by Lewis and Moffett were settled and dismissed, except for certain contribution actions brought by Hirschbach and Campbell. A true and correct copy of the joint motion for good faith settlement finding is attached as exhibit E; a true and correct copy of the court's memorandum and order granting the motion is attached as exhibit F.

15.     In their third-party complaint, Hirschbach and Campbell allege that at the time of the accident, Lewis and Moffett were utilizing their truck and trailer for the purpose of hauling freight in interstate commerce and in the course and scope of their employment with Datway. (Exhibit D, p. 6, ¶24, p. 15, ¶60.)

16.     The third-party complaint alleges that Datway permitted both Lewis and Moffett to operate as commercial truck drivers pursuant to its Department of Transportation operating authority. (Exhibit D, p. 7, ¶31.)

17.     The third-party complaint alleges that Datway is vicariously liable for the negligence of Lewis for his operation of the truck and trailer with regard to the injury

3

received by Moffett, and Datway is vicariously liable for the negligence of Moffett for his operation of the truck and trailer with regard to the injury received by Lewis. (Exhibit D, pp. 15-19, ¶¶59-66.)

18.    The third-party complaint alleges further that Datway is liable as employer for the negligent hiring, retention, and supervision of Lewis with regard to Moffett's injury, and for the negligent hiring, retention and supervision of Moffett with regard to Lewis's injury. (Exhibit D, pp. 19-22, ¶¶67-82.)

19.    The third-party complaint alleges that J.B. Hunt selected and dispatched Datway to transport the property from Tacoma, Washington to Fort Campbell, Kentucky. (Exhibit D, p. 27, ¶¶101-102.)

20.    The third-party complaint alleges that J.B. Hunt is liable as a motor carrier, employer and participant in a joint venture for the negligent acts and/or omission of Lewis and Moffett in their operation of the truck and trailer. (Exhibit D, pp. 27-33, ¶¶97-121.)

21.    The third-party complaint alleges also that J.B. Hunt is vicariously liable as for the negligent acts and/or omission of Lewis and Moffett in their operation of the truck and trailer. (Exhibit D, pp.33-37, ¶¶122-131.)

22.    The third-party complaint alleges further that J.B. Hunt is liable for the negligent hiring, retention, and supervision of Lewis and Moffett. (Exhibit D, pp.38-, ¶¶67-82.)

23.    At the time of the accident, Datway operated as a motor carrier under USDOT number 3191946 and MC number 137361.

24.    At the time of the accident, Datway used the truck and trailer operated by Lewis and Moffett for the interstate transportation of property.

4

25.     At the time of the accident, Lewis and Moffett operated the truck and trailer as employees of Datway.

26.     At the time of the accident, Lewis and Moffett operated the truck and trailer as statutory employees of Datway pursuant to 49 C.F.R. 390.5.

27.     At the time of the accident, Lewis and Moffett were performing duties related to the conduct of Datway's business.

28.     At the time of the accident, Lewis and Moffett were performing duties related to the conduct of J.B. Hunt's business.

29.     Before the accident, Progressive issued a commercial auto insurance policy to Datway under policy number 01120541-1, with a policy period from September 16, 2020 to September 16, 2021, providing liability coverage with a $1,000,000 combined single limit subject to the policy's terms and conditions. A true and correct copy of the Progressive policy is attached as exhibit G.

Count I

30.     Progressive incorporates paragraphs 1-29 of the complaint by reference as if fully stated herein.

31.     The Progressive policy states:

Coverage under this Part I, including **our** duty to defend, does not apply to:

3.     **Worker's Compensation**
       Any obligation for which an **insured** or an insurer of that **insured,** even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law…

5.     **Employee Indemnification and Employer's Liability**
       **Bodily injury** to:
       a.     An **employee** of any **insured** arising out of or within the course of:

5

> > (i)    That **employee's** employment by any **insured**; or
> > (ii)   Performing duties related to the conduct of any **insured's** business; or
> b.    The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph a. above.
>
> This exclusion applies:
> a.    Whether the **insured** may be liable as an employer or in any other capacity and
> b.    To any obligation to share damages with or repay someone else who must pay damages because of the injury…
>
> 6.    **Fellow Employee**
>       **Bodily injury** to:
> a.    a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.
> b.    the spouse, child, parent, brother, or sister of that fellow **employee** as a consequence of Paragraph a. above.
>       (Exhibit G, pp. 15-16.)

32.    The exclusions apply to preclude coverage for the contribution actions for the injury to Lewis arising out of or within the course of his employment by Datway.

33.    The exclusions apply to preclude liability coverage for the contribution actions for the injury to Moffatt arising out of or within the course of his employment by Datway.

34.    The exclusions apply to preclude liability coverage for the contribution actions for the injury to Lewis arising out of or within the course of his performance of duties related to the conduct of Datway's business.

35.    The exclusions apply to preclude liability coverage for the contribution actions for the injury to Moffett arising out of or within the course of his performance of duties related to the conduct of Datway's business.

36.    The exclusions apply to preclude liability coverage for the contribution actions for the injury to Lewis arising out of or within the course of his performance of duties related to the conduct of J.B. Hunt's business.

37.    The exclusions apply to preclude coverage for the contribution actions for the injury to Moffatt arising out of or within the course of his performance of duties related to the conduct of J.B. Hunt's business.

38.    In the alternative, in the event J.B. Hunt were covered by the terms and conditions of the Progressive policy, which is denied, J.B. Hunt would qualify as an insured but only with respect to legal liability for acts or omissions of Datway, Lewis, or Moffett. (Exhibit G, p. 12.)

39.    J.B. Hunt is not covered under the terms, conditions, and limitations of the Progressive policy for J.B. Hunt's own acts or omissions, including but not limited to its alleged negligent hiring, retention and supervision of Datway, Lewis and Moffett.

40.    Defendants are named as parties to this action, because they each have a financial interest in the outcome of Progressive's request for declaratory judgment.

41.    A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Progressive policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Progressive Specialty Insurance Co., asks the Court to declare:

(a)    there is no liability coverage for Datway LLC and J.B. Hunt Transport, Inc., for the third-party complaint for contribution brought by Hirschbach Motor Lines Inc., and Eric Jerome Campbell Sr.;

7

(b)    Progressive Specialty Insurance Co., is not obligated to defend or indemnify Datway LLC and J.B. Hunt Transport, Inc., as to the third-party complaint brought by Hirschbach Motor Lines Inc., and Eric Jerome Campbell Sr., or as to any other claim or action based on the accident of December 13, 2020.

## Count II

42.    Progressive incorporates paragraphs 1-29 of the complaint by reference as if fully stated herein.

43.    The Progressive policy includes an MCS-90 endorsement under Sections 29 and 30 of the Motor Carrier Act of 1980. (Exhibit G, pp. 113-114.)

44.    When applicable, an MCS-90 endorsement operates as surety to guarantee payment of minimal financial amounts set forth in federal regulations.

45.    The MCS-90 endorsement attached to the Progressive policy does not apply to the accident, or to the third-party complaint brought by Hirschbach and Campbell.

46.    No duty to defend a lawsuit is imposed by the attachment of an MCS-90 endorsement to a policy.

47.    Since no duty to defend is imposed by the attachment of an MCS-90 endorsement, Progressive owes no duty to defend Datway or J.B. Hunt for the third-party complaint.

48.    An MCS-90 endorsement applies only to the motor carrier listed as the named insured on the policy to which it is attached.

49.    Datway is the only named insured listed on the Progressive policy. (Exhibit G, p. 1.)

8

50.     Since Datway is the only named insured listed on the Progressive policy, the MCS-90 endorsement attached thereto does not apply to provide surety for J.B. Hunt for the third-party complaint. (Exhibit G, pp. 1, 12, 113-114.)

51.     Surety under the MCS-90 endorsement, if applicable, which is denied, applies only in the event there is no other insurance that provides coverage for the accident.

52.     The MCS-90 endorsement does not cover the accident, or the third-party complaint, insofar as another policy or policies provide liability coverage in an amount or amounts which satisfy mandated coverage by regulation.

53.     If form MCS-90 were applicable, which is denied, the limit of liability would not be the limit listed on the Progressive policy declarations page, but rather the minimum amount of coverage required by regulation. (Exhibit G, pp. 19, 114.)

54.     The MCS-90 endorsement states further that the endorsement does not apply to injury to or death of the insured's employees while engaged in the course of their employment. (Exhibit G, p. 114.)

55.     Inasmuch as Lewis and Moffett were employed and were engaged in the course of their employment for Datway at the time of the accident, the MCS-90 endorsement does not provide surety to Datway for the third-party complaint.

56.     Defendants are named as parties to this action, because they each have a financial interest in the outcome of Progressive's request for declaratory judgment.

57.     A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Progressive policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Progressive Specialty Insurance Co., asks the Court to declare:

(a)      there is no liability coverage or surety afforded to Datway LLC and J.B. Hunt Transport, Inc., for the third-party complaint for contribution brought by Hirschbach Motor Lines Inc., and Eric Jerome Campbell Sr.;

(b)      Progressive Specialty Insurance Co., is not obligated to defend, indemnify, or provide surety to Datway LLC and J.B. Hunt Transport, Inc., as to the third-party complaint brought by Hirschbach Motor Lines Inc., and Eric Jerome Campbell Sr., or as to any other claim or action based on the accident of December 13, 2020.

## Count III

58.      Progressive incorporates paragraphs 1-29 of the complaint by reference as if fully stated herein.

59.      The Progressive policy includes a commercial general liability endorsement. (Exhibit G, p. 68.)

60.      The commercial general liability endorsement states that Progressive will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury to which the insurance applies. (Exhibit G, p. 76.)

61.      The commercial general liability endorsement states further that Progressive has no duty to defend an insured against any suit seeking damages to which the insurance does not apply. (Exhibit G, p. 76.)

62.      The commercial general liability endorsement states that coverage does not apply to bodily injury to an employee of any insured arising out of or within the course of the employee's employment by any insured, or performing duties related to the conduct of any insured's business. (Exhibit G, pp. 77, 79.)

10

63.     The commercial general liability endorsement states further that coverage does not apply to bodily injury arising out of the ownership, maintenance, use, or entrustment to others of any auto owned or operated by, or rented, leased, or loaned to any insured, or to any auto the insured does not own, lease, hire, rent or borrow that is used in connection with the insured's business. (Exhibit G, pp. 77, 79.)

64.     The auto exclusion applies even if the claims against the insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the insured, if the occurrence which caused the bodily injury involved the ownership, maintenance, use or entrustment to others of any auto. (Exhibit G, pp. 77, 79.)

65.     Pursuant to the auto exclusion, there is no commercial general liability coverage under the Progressive policy for Datway or J.B. Hunt for the bodily injury to employee Lewis, for the bodily injury to employee Moffett, or for the use of the truck and trailer.

66.     Defendants are named as parties to this action, because they each have a financial interest in the outcome of Progressive's request for declaratory judgment.

67.     A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Progressive policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Progressive Specialty Insurance Co., asks this Court to declare:

(a)     there is no liability coverage for Datway LLC and J.B. Hunt Transport, Inc.,

for the third-party complaint for contribution brought by Hirschbach Motor Lines Inc., and

Eric Jerome Campbell Sr.;

(b)     Progressive Specialty Insurance Co., is not obligated to defend or indemnify

Datway LLC and J.B. Hunt Transport, Inc., as to the third-party complaint brought by

Hirschbach Motor Lines Inc., and Eric Jerome Campbell Sr., or as to any other claim or

action based on the accident of December 13, 2020.

Respectfully submitted,

Progressive Specialty Insurance Co.

/s/ Thomas L. Buck
One of its Attorneys
Magnani & Buck Ltd.
321 South Plymouth Court
Suite 1700
Chicago, IL 60604
312-294-4800
Fax: 312-294-4815
Attorney No. 06185155
Email: tlb@magnanibuck.com

12