UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PROGRESSIVE SPECIALTY INSURANCE Co.**, <br><br>  Plaintiff, <br><br> v. <br><br> **DATWAY LLC, et al.**, <br><br>  Defendants. | Case No. 3:23-cv-01371-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on a motion to Vacate the Entry of Default as to Campbell Sr. (Doc. 47). Pursuant to the Plaintiff's motion, the Clerk placed an entry of default as to both Datway and Campbell on August 3, 2023. (Doc. 40, 41). One of the Defaulting Defendants, Eric Jerome Campbell Sr., filed their motion to vacate the entry of default on August 22, 2023. (Doc. 47). The Court, for the reasons provided in the Defendant's motion, finds good cause to set aside the entry of default. Accordingly, the Court hereby **GRANTS** the motion and **VACATES the entry of default SOLELY as to Eric Jerome Campbell Sr.** Datway LLC remains in default.

Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default for good cause. The Court should vacate if the defendant shows (1) good cause for their default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. Fed. R. Civ. Pro. 55(c). *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993). Good cause does not exist when counsel has willfully refused to follow court rules or has been repeatedly deficient. *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). *Pretzel & Stouffer v.*

*Imperial Adjusters*, 28 F.3d 42, 45-46 (7th Cir. 1994).

Here, it is clear that Campbell's counsel's failure to timely file the answer was inadvertent and the result of confusing the filings in this case with a related, complex case involving the same incident. *Lewis v. Hirschbach Motor Lines, Inc. et al*, Case No. 3:20-cv-01355-JPG. Additionally, Campbell made a sworn declaration stating that he was involved in urgent personal and family matters that exasperated the confusion. For these reasons and the other reasons elaborated on in his motion, the Court finds that there was good cause for Campbell's default.

Within twenty days after receiving the entry of default, Campbell prepared a motion to vacate the entry of default with a sworn declaration and additional exhibits. Given Campbell's reasons for missing the initial filing and the length of the motion, the Court finds that Campbell demonstrated quick action to correct the default.

Additionally, Campbell presents a meritorious defense to the claims, as demonstrated both in his motion now before the court, and the complexity of the related case he is a party to.

## CONCLUSION

For the reasons stated above, and the reasons provided in Campbell's motion, the Court finds there was good cause for Campbell's default, quick action to correct it, and a meritorious defense to the complaint. Accordingly, the Court hereby **GRANTS** the motion and **VACATES the entry of default against Eric Jerome Campbell Sr.** Datway LLC remains in default.

**IT IS SO ORDERED.**
**DATED:  January 16, 2024**

                                            *s/ J. Phil Gilbert*
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**