UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PROGRESSIVE SPECIALTY INSURANCE CO.,

    Plaintiff,

  v.

DATWAY LLC, J.B. HUNT TRANSPORT, INC., HIRSCHBACH MOTOR LINES INC., AND ERIC JEROME CAMPBELL, SR.,

    Defendants.

Case No. 23-CV-01371-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Voluntary Dismissal. (Doc. 61). The Plaintiff filed their motion on April 16, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS** the Motion and hereby **DISMISSES** this action **with prejudice**.

On April 27, 2023, Progressive Specialty Insurance Company ("Progressive") filed a complaint for declaratory judgment against all defendants. (Doc. 1). Progressive sought a declaration that they had no duty to defend or indemnify Datway, LLC, for claims related to an underlying auto-accident.

On July 6, 2023, the parties were referred to mandatory mediation. On February 13, 2024, Defendants Eric Jerome Campbell, Sr., and Hirschbach Motor Lines Inc., filed a report of mandatory mediation. (Doc. 60). The report indicated that:

> The parties had settled the underlying tort case between Hirschbach Motor Lines and Datway (Case No. 3:20-1355-JPG & Case No. 3:21-cv-0001-JPG). The parties will be filing a motion for good faith finding with the Court in that underlying case . . . . Once the Court has made the good faith finding, Progressive will move to dismiss the declaratory judgment action [in this case] with prejudice.

(*Id*.).

On April 5, 2024, the Court found that the settlement referred to in the mediation report between Datway and Hirschbach Motor Lines was in good faith. Accordingly, the Court dismissed with prejudice the contribution claims made by Hirschbach and Jerome Campbell Sr. against Datway. Pursuant to their mediation negotiations, considering that the underlying claims have been dismissed, Progressive has moved this Court for voluntary dismissal.

Under Rule 41 of the Federal Rules of Civil Procedure (FRCP), plaintiffs may dismiss their actions without leave of court by filing a notice of dismissal or a stipulation of dismissal. Alternatively, a plaintiff may file a motion for voluntary dismissal by court order under conditions a court finds appropriate. FRCP 41(a)(2). Unless stated otherwise, voluntary dismissals under FRCP 41(a) are without prejudice.

Here, the Plaintiff has filed a motion for voluntary dismissal. The defendants have served answers and the motion has not been signed by all parties. Therefore, the filing cannot be dismissed without leave of court. Seeing that the underlying claims that motivated this suit have been dismissed with prejudice, there are no claims or controversies here to adjudicate. Though not reflected in the motion, the parties have communicated to the Court that they seek dismissal of this action with prejudice, in compliance with the mandatory mediation report. Accordingly, the Court **GRANTS** the motion to dismiss (Doc. 61), **DISMISSES** this action **with prejudice**, and directs the Clerk of Court to enter judgment.

IT IS SO ORDERED.
DATED:  April 18, 2024

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**